UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-1949(DSD/SER)

Kristine Olson on behalf of
herself and all others
similarly situated,

        Plaintiff,

v.                                                                    **ORDER**

FTL Corporation d/b/a MGM
Liquor and ATM Network,

        Defendants.


This matter is before the court sua sponte.  Currently pending in the instant action is the motion for class certification by plaintiff Kristine Olson and the motion to dismiss for lack of subject-matter jurisdiction by defendant ATM Network, Inc. (ATM Network).  In its motion to dismiss, ATM Network argues that Olson has suffered no injury in fact,[1] and therefore does not have standing to bring her claim under the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq*.  This question is currently pending before the Eighth Circuit.  See Charvat v. First Nat'l Bank of Wahoo, No. 8:12-cv-97 (D. Neb. July 12, 2012), appeal docketed, No. 12-2797 (8th Cir. July 27, 2012).

Because the outcome in Charvat may control the court's decision here, all proceedings in this matter are stayed pending

_____

[1] In the complaint, Olson sought both actual and statutory damages.  Am. Compl. 7.  Olson has since abandoned her claim of actual damages.  Pl.'s Mem. Supp. 2 n.1.

the ruling in <u>Charvat</u>.  In light of the stay, the pending motions are dismissed without prejudice.

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.    All further proceedings in this matter are stayed pending the Eighth Circuit's decision in <u>Charvat v. First National Bank of Wahoo</u>, No. 12-2797 (8th Cir. appeal docketed July 27, 2012).

2.    Plaintiff's Motion for Class Certification [ECF No. 11] is denied without prejudice.

3.    Defendant ATM Network, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction [ECF No. 40] is denied without prejudice.

Dated:  October 16, 2012

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court